IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3041 |
| vs. | ORDER |
| JUSTIN ALEXANDER COLBERT, | |
| Defendant. | |

This matter is before the Court on defendant Justin Colbert's motion to reduce sentence (filing 73) and amended motion to reduce sentence (filing 74).[1] Those motions will be denied.[2]

Colbert was convicted, pursuant to a guilty plea, of making a false statement on a federal document in violation of 18 U.S.C. § 1001(a)(3).[3] Filing 70. Specifically, he was convicted of falsely stating on a Social Security Administration Form SSA-821—a "work activity report"—that he hadn't been working when he actually had. *See* filing 1.

---

[1] The motions are identical except that the amended motion attaches a document.

[2] Generally, the Court's authority to amend a criminal judgment is limited. *See* generally Fed. R. Crim. P. 35. But Colbert specifically wants the Court to change his supervised release and restitution—and those are things that the Court has jurisdiction to do, *when* it's appropriate. *See* Fed. R. Crim. P. 32.1(c); 18 U.S.C. § 3664(k). It's not appropriate here, though, as the Court will explain.

[3] "[W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully . . . makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry" shall be fined or imprisoned. § 1001(a).

Colbert now claims he's "innocent" and was "wrongly convicted," because the Social Security Administration has decided that he received Social Security disability benefits when he wasn't actually disabled. *See* filing 74 at 2-1. Colbert says the Social Security Administration is wrong—that he's been "disabled all [his] life with a condition that makes [him] completely eligible for SSA benefits." Filing 74 at 1. He says his grandmother filled out the forms for him and "reported that he didn't work on one or more of the forms because [he] never keep[s] a job longer than like 2 months at the most due to [his] disability so it was an honest mistake on her part[.]" Filing 74 at 1.

But Colbert is confusing what the Court found with what the Social Security Administration found, and they're different things. The Court didn't find that Colbert wasn't disabled. The crime charged was making a false statement on a government form: it required proof that (1) the defendant made a statement, (2) the defendant knew the statement was false, (3) the defendant made the statement knowingly and willfully, (4) the statement was "within the jurisdiction of a federal agency," and (5) the statement was material. *United States v. Salther*, 955 F.3d 666, 667 (8th Cir. 2020). Nothing about that crime required the Court to find that Colbert was, or wasn't, disabled. The Social Security Administration might have decided that, but the Court didn't.

And Colbert admitted each element of the crime he was charged with. He admitted that his Social Security form—which he signed—said he hadn't worked, even though he had. Filing 53 at 19; *see* filing 49 at 2. So, he knowingly and willfully endorsed a false statement on a Social Security form, meeting the first three elements of the crime. *See Salther*, 955 F.3d at 667-68. A Social Security form is clearly "within the jurisdiction of a federal agency," because it relates to a matter on which the Social Security Administration has the power to act. *See United States v. Popow*, 821 F.2d 483, 486 (8th Cir. 1987). And the

statement was "material" because it could affect the Social Security Administration's decision whether to pay benefits. *See United States v. Lemons*, 792 F.3d 941, 949 (8th Cir. 2015).

But the important point is that it's unlawful for a person to put false statements on a Social Security form—or to sign a Social Security form that includes false statements—*even if* the person is actually disabled or entitled to benefits. *Cf. United States v. Welliver*, 976 F.2d 1148, 1154 (8th Cir. 1992). Simply put, Colbert wasn't convicted in this Court of receiving benefits when he wasn't disabled—rather, he was convicted of signing a Social Security form that said something he knew wasn't true. And he admitted those facts.

It seems like Colbert wants to "appeal" his criminal conviction because of the letter he got from the Social Security Administration saying he was overpaid benefits because he wasn't actually disabled. *See* filing 74 at 2-4. But that's a different case. If Colbert's problem is that the Social Security Administration says he's not disabled, and he disagrees, then he needs to appeal *that decision* with the Social Security Administration, then if necessary appeal the Social Security Administration's decision to court. But that has nothing to do with his criminal case. Accordingly,

IT IS ORDERED that Colbert's motion to reduce sentence (filing 73) and amended motion to reduce sentence (filing 74) are denied.

Dated this 15th day of April, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge