IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3041 |
| vs. | ORDER |
| JUSTIN ALEXANDER COLBERT, | |
| Defendant. | |

This matter is before the Court on defendant Justin Colbert's second motion to reduce sentence (filing 96). Colbert's motion will be denied.

Colbert was convicted, pursuant to a guilty plea, of making a false statement on a federal document in violation of 18 U.S.C. § 1001(a)(3). Filing 70. Specifically, he was convicted of falsely stating on a Social Security Administration Form SSA-821—a "work activity report"—that he hadn't been working when he actually had. *See* filing 1.

Colbert seeks to have the Court terminate his supervised release because, he says, he's actually innocent of the charge to which he pled guilty. *See* filing 96. He points to his cognitive evaluation and claims that he didn't actually know the information in his work activity was false—that he believed the information was true when he signed it. Filing 96 at 1. But Colbert—under oath—admitted each element of the crime he was charged with.

Under § 1001(a), "whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully . . . makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry" shall be fined or imprisoned. And Colbert

admitted that his Social Security form—which he signed—said he hadn't worked, even though he had. Filing 53 at 19; *see* filing 49 at 2. So, he knowingly and willfully endorsed a false statement on a Social Security form, meeting the first three elements of the crime. *See United States v. Salther*, 955 F.3d 666, 667-68 (8th Cir. 2020). A Social Security form is clearly "within the jurisdiction of a federal agency," because it relates to a matter on which the Social Security Administration has the power to act. *See United States v. Popow*, 821 F.2d 483, 486 (8th Cir. 1987). And the statement was "material" because it could affect the Social Security Administration's decision whether to pay benefits. *See United States v. Lemons*, 792 F.3d 941, 949 (8th Cir. 2015).

A defendant's representations during plea-taking carry a strong presumption of verity, and pose a formidable barrier in any subsequent collateral proceedings. *Nguyen v. United States,* 114 F.3d 699, 703 (8th Cir. 1997). The defendant has provided the Court with no explanation for why he pled guilty, and admitted the elements of the offense, if those admissions weren't true. The defendant's allegations, contradicted by his sworn testimony at his change of plea hearing, simply aren't credible. Accordingly,

IT IS ORDERED that Colbert's motion to reduce sentence (filing 96) is denied.

Dated this 14th day of December, 2021.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge