IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3041 |
| vs. | MEMORANDUM AND ORDER |
| JUSTIN ALEXANDER COLBERT, | |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 filed by the defendant, Justin Colbert. The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true,

would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra,* 600 F.3d at 906.

## BACKGROUND

The defendant was convicted, pursuant to a guilty plea, of making a false statement on a federal document in violation of 18 U.S.C. § 1001(a)(3).[1] Filing 70. Specifically, he was convicted of falsely stating on a Social Security Administration Form SSA-821—a "work activity report"—that he hadn't been working when he actually had. *See* filing 1. He was sentenced to 14 months imprisonment, and judgment was entered on June 25, 2020. Filing 70. No appeal was taken.

The defendant has since filed a number of postconviction motions, styled in different ways. Filing 73; filing 74; filing 96. All were denied. Filing 75; filing 103. But his most recent "motion to reduce sentence" (filing 107) asserted claims of an involuntary guilty plea and ineffective assistance of counsel—in other words, claims that fall within the scope of § 2255. *See Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004); *see also Castro v. United States*, 540 U.S. 375, 381 (2003). Accordingly, as required by *Castro*, the Court advised the defendant that unless he objected, his motion would be construed as a § 2255 motion; that he needed to amend his motion if he had any other claims; and that he could withdraw his motion if he wished. Filing 108.

---

[1] "[W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully . . . makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry" shall be fined or imprisoned. § 1001(a).

The defendant notified the Court that he wanted to proceed under § 2255. Filing 114. And he has filed supplemental pleadings—some using Form AO 243 (Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody)—that the Court will consider, together with his original motion, as composing his § 2255 motion. Filing 107; filing 112; filing 113; filing 115.

## DISCUSSION

But the defendant's motion is untimely. A § 2255 motion must be filed within 1 year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). The Court entered its judgment of conviction (filing 70) on June 25, 2020, and the 14-day period for taking an appeal ran on July 9, 2020. Fed. R. App. P. 4(b)(1)(A)(i). Thus, the defendant's conviction became final the next day, and the 1-year limitation period from the judgment of conviction expired on July 10, 2021. *See United States v. Martin,* 408 F.3d 1089, 1090 (8th Cir. 2005); *United States v. Hurst,* 322 F.3d 1256 (10th Cir. 2003); *see also Haroutunian v. I.N.S.,* 87 F.3d 374, 377 (9th Cir. 1996). The defendant's motion is several months late.

As an explanation for why his motion is untimely, the defendant alleged that he filed his "first motion to reduce sentence dated in May of 2021 and ruled on April 15, 2021 which is less than a year of conviction which was dated June 25, 2020." Filing 112 at 10. So, he claims, "this does not bar [his] motion because [he] took action before the one year deadline." Filing 115 at 10. But filing *other* postconviction motions doesn't toll the statute of limitations for a § 2255 motion. *See* § 2255(f). (Nor, for that matter, did the defendant seek to appeal from any of the Court's rulings on his previous motions.)

The defendant doesn't claim, for instance, that he was prevented from filing a timely motion by unconstitutional or unlawful government action. *See*

§ 2255(f)(2). In fact, that he was able to file a motion of *any* kind demonstrates that he faced no impediment. Nor does he assert a right newly recognized by the Supreme Court. *See* § 2255(f)(3). Nor does he claim that he filed his § 2255 motion within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2255(f). The substance of his claims relates to his guilty plea, his sentencing, and the presentence report—in other words, the factual predicates for all of his claims were known to him at the time of sentencing. And the defendant has alleged no extraordinary circumstances beyond his control which might provide a basis for equitable tolling. *See Martin*, 408 F.3d at 1093; *Ingram v. United States*, 932 F.3d 1084, 1090 (8th Cir. 2019).

The only other avenue the defendant has is to show his actual innocence, which may help avoid the statute of limitations for an otherwise-defaulted claim. *See Feather v. United States*, 18 F.4th 982, 988 (8th Cir. 2021) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). And, indeed, many of the defendant's filings seem to assert his factual innocence. *See* filing 112 at 6, 8; filing 115 at 4, 8. But the threshold for such a claim is high: the defendant must show that, had his evidence been presented to a jury, "it is more likely than not that no reasonable juror would have convicted him." *See McQuiggin,* 569 U.S. at 399; *Jennings v. United States*, 696 F.3d 759, 764 (8th Cir. 2012) (citing *Schlup v. Delo,* 513 U.S. 298, 327 (1995)).

And here, his allegations fall short. He doesn't deny that the statements submitted to the Social Security Administration on his work activity report were actually false. Rather, he simply claims, based on a psychological evaluation completed before sentencing by Dr. Diane Marti, *see* filing 61-1, that he didn't know the reports contained false statements because of his mental disability. *See* filing 112 at 6, 8; filing 115 at 4, 8. And perhaps a reasonable

juror might have believed that. But a reasonable juror could just have readily concluded from the evidence—consistently with the Court's observation of the defendant—that he was and is capable of understanding that he had worked for pay, and that any statement to the contrary was false.

In short, even had the defendant and Dr. Marti testified to a jury, a reasonable juror could readily have convicted the defendant of the charge against him. As such, his showing of innocence is insufficient. See *McQuiggan, 569 U.S. at 400-01*.

## CONCLUSION

The defendant's § 2255 motion is time-barred, and accordingly will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). But in this case, the Court is not persuaded that the issues raised are debatable among reasonable jurists, or that the issues could be resolved differently or deserve further proceedings. See *Tennard v. Dretke, 542 U.S. 274, 282 (2004)*; see also *Gonzalez v. Thaler, 565 U.S. 134, 140-41 (2012)*. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 107; filing 112; filing 113; filing 115) is denied.

2. The Court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

4.  The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 22nd day of February, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge